# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 1843 | DATE | 8/24/2004 |
| CASE TITLE | Gecker vs. Salta Group | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the Court hereby affirms the decision of the Bankruptcy Judge. Appellant's motion to stay appeal as it pertains to the applicability of the Rooker-Feldman Doctrine is denied as moot. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 25 2004 | 13 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | MW courtroom deputy's initials | 2004 AUG 25 AM 8:04 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCIS GECKER, not individually but solely in her capacity as Chapter 7 Trustee, and CELESTINE ADAMS, | ) ) ) ) | **DOCKETED** AUG 2 5 2004 |
| Plaintiff/Appellant, | ) ) | |
| v. | ) ) | No. 04 C 1843 |
| SALTA GROUP INC., JEROME DANIELS, CITIFINANCIAL SERVICES, INC. and HOME LOAN CORPORATION d/b/a EXPANDED MORTGAGE CREDIT, | ) ) ) ) ) ) ) | |
| Defendant/Appellees. | ) | |

### MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Francis Gecker's, as Chapter 7 Trustee, and Celestine Adams', as debtor, (collectively "Appellants") appeal from the January 20, 2004 final order of Bankruptcy Judge Susan Sonderby ("Bankruptcy Judge") of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division ("Bankruptcy Court"). For the reasons stated below, we affirm the decision of the Bankruptcy Judge.

1



## BACKGROUND

In 1970, Celestine Adams ("Adams"), purchased a house located at 4910 West Van Buren, Chicago, Illinois (the "Real Property"). In 1977, Home Federal Savings and Loan Association (now known as "LaSalle Bank") provided Adams with a $7,377.00 loan. In exchange, Adams provided Home Federal Savings and Loan Association with a mortgage on the Real Property to secure the loan. In 1995, Creditcorp, Inc. provided Adams with a $9,451.00 loan. In exchange, Adams provided Creditcorp, Inc. with a mortgage on the Real Property to secure the loan. The mortgage secured in favor of Creditcorp, Inc. later became assigned to Associates Financial Services. Thereafter, Associates Financial Services merged with Citifinancial Services, Inc. and the surviving corporation of the merger became known as Citifinancial Services, Inc. ("Citifinancial"). As a result of that merger, Citifinancial was assigned the mortgage on the Real Property originally secured in favor of Creditcorp, Inc..

In 1998, Adams failed to pay the second installment of her 1997 Cook County real estate taxes on the Real Property. In 1999, at a Cook County tax sale, Salta Group, Inc. ("Salta") paid Adams' delinquent 1997 real estate taxes on the Real Property and was issued a Certificate of Purchase by the Cook County Clerk ("County Clerk"). In January 2002, Salta, pursuant to Illinois Property Tax Code, served Adams and LaSalle Bank with notice that the Real Property had been sold for delinquent taxes and that the period from redemption from the sale would expire on

April 26, 2002. The notice also advised that a petition for a tax deed had been filed which would transfer title and right of possession of the Real Property to Salta if redemption was not made on or before April 26, 2004. Salta did not serve Citifinancial but instead, attempted to serve the former mortgagee, Associates Financial Services, at its last known address.

At the expiration of the April 26, 2002 redemption period, the taxes had not been redeemed by any party. Thereafter, on July 12, 2002, the Cook County Circuit Court ("State Court") ordered the County Clerk to issue a tax deed transferring title to the Real Property to Salta. On October 1, 2002, Salta filed a motion in the State Court requesting an Order for Possession because the Real Property was still being occupied by Adams. On October 23, 2002, Salta conveyed a warranty deed for the Real Property to Jerome Daniels ("Daniels"). In order to purchase the Real Property from Salta, Home Loan Corporation ("Home Loan") provided Daniels with a loan. In exchange, Daniels provided Home Loan with a mortgage on the Real Property to secure the loan. On December 13, 2002, the State Court entered an Order For Possession on the Real Property in favor of Salta, but stayed enforcement of the order until March 1, 2003.

On January 14, 2003, Adams filed a voluntary Chapter 7 Petition for Bankruptcy, *In re Celestine Adams*, Case No. 03 B 01808 ("Bankruptcy Petition"), in the Bankruptcy Court. At the time of the filing of the Bankruptcy Petition, Citifinancial was an unsecured creditor. On May 14, 2003, Daniels filed a motion in

the Bankruptcy Court to modify an automatic stay effective when the Bankruptcy Petition was filed. *See* 11 U.S.C. 362(a)(3). Daniels' motion to modify the automatic stay requested that the Bankruptcy Judge modify the stay to permit him to return to the State Court to enforce the Order For Possession issued there.

On May 28, 2003, Francis Gecker ("Gecker"), who was appointed as the trustee in the Bankruptcy Petition, filed a Complaint to Avoid Transfer in the Bankruptcy Court. On July 23, 2003, with leave of the Bankruptcy Court, Gecker amended the Complaint to Avoid Transfer ("Amended Complaint") and named Salta, Daniels, Home Loan, and David Orr, Cook County Collector, as defendants. The three count Amended Complaint sought to avoid the transfers of various interests in the Real Property pursuant to the trustee's powers under 11 U.S.C. § 544(b) and 548(a)(1). Defendants Salta, Daniels, and Home Loan all filed motions, which the Bankruptcy Court ultimately construed as motions to dismiss the Amended Complaint. In an oral order issued on January 20, 2004, the Bankruptcy Judge dismissed the Amended Complaint and all counts in their entirety. The Bankruptcy Judge found that with respect to Count I, the Trustee failed to state a claim under § 544(b)(1) of the Bankruptcy Code; and that the *Rooker-Feldman* Doctrine barred federal review with respect to Counts II and III, Additionally, the Bankruptcy Court granted Daniels' motion to modify the automatic stay. Appellants have appealed.

## LEGAL STANDARD

A federal district court has jurisdiction, pursuant to 28 U.S.C. § 158, to hear appeals from the rulings of a bankruptcy court. On the appeal, the district court reviews the factual findings of the bankruptcy court under the clearly erroneous standard and reviews the bankruptcy court's legal findings under the *de novo* standard. *In re A-1 Paving and Contracting, Inc.*, 116 F.3d 242, 243 (7th Cir. 1997).

## DISCUSSION

Appellants have raised the following issues on appeal: (I) whether the Bankruptcy Court erred in dismissing Count I of the Trustee's Amended Complaint by finding that the Trustee did not have standing to bring a claim under § 544(b)(1) of the Bankruptcy Code, 11 U.S.C. § 544(b)(1); (II) whether the Bankruptcy Court erred in dismissing Count II of the Trustee's Amended Complaint in finding that the claims of relief, brought by the Trustee pursuant to § 544(b)(1), were barred by the *Rooker-Feldman* Doctrine; and (III) whether the Bankruptcy Court erred in dismissing Count III of the Trustee's Amended Complaint by incorrectly interpreting the holding in *B.F.P v. Resolution Trust Corp.*, 511 U.S. 531(1994) and incorrectly applying the *Rooker-Feldman* Doctrine.

### I. Trustee standing

Trustee's contention that the Bankruptcy Court found that the "Trustee did not have standing to bring a claim under § 544(b)(1) of the Bankruptcy Code," is

mistaken. The Bankruptcy Court did not make such a finding. Rather, the final order of the Bankruptcy Court states that the Trustee "has failed to state a claim under Section 544(b)(1) of the code and, therefore, Count I is dismissed." Nevertheless, this court need not reach the issue of Trustee standing under the Bankruptcy Code inasmuch as this court finds that all counts of the Amended Complaint are barred by the *Rooker-Feldman* Doctrine.

## II. Rooker-Feldman Doctrine

Although, the Bankruptcy Judge dismissed only two of the three counts based upon the *Rooker-Feldman* Doctrine, this court finds that we, and the Bankruptcy Court, lack subject matter jurisdiction over all counts in the Amended Complaint based upon the *Rooker-Feldman* Doctrine. *See Garry v. Geils*, 82 F.3d 1362, 1364 (7th Cir. 1996)(explaining that *Rooker-Feldman* can be raised *sua sponte*). Under the *Rooker-Feldman* Doctrine, the lower federal courts are precluded from "jurisdiction over claims seeking review of a state court judgment" and over claims "inextricably intertwined" with a state court judgment. *Rooker v. Fidelity Trust*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). Except where "Congress has specifically authorized collateral review of state court judgments, a party who seeks to overturn a state court judgment must proceed through the state judicial system and can only seek federal court review in the United States Supreme Court." *4901 Corporation v. Town of Cicero*, 220 F.3d 522, 527 (7th Cir. 2000). In determining whether *Rooker-Feldman* is applicable, an inferior federal court must determine whether the claim seeks to

"set aside a state court judgment" or whether the claim is in fact "an independent claim." See *4901*, 220 F.3d, at 527-28 (citing *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 510 (7th Cir. 1996). If a claim in federal court seeks to set aside a previous state court judgment, regardless of whether the state court judgment is "erroneous or even unconstitutional," an inferior federal court lacks jurisdiction under *Rooker-Feldman*. See id.

In the instant case, the Amended Complaint filed in the Bankruptcy Court, seeks to avoid the transfers of various interests in the Real Property pursuant to the trustee's powers under 11 U.S.C. § 544(b) and 548(a)(1). Specifically, Count I seeks to avoid the transfer of the interest of the creditor, Citifinancial, to Adams' Real Property; Count II seeks to avoid the transfer of Adams' interest in the property to Salta; and Count III seeks to avoid the transfer of Adams' interest in her residence as a transfer for less than reasonably equivalent value. If the Bankruptcy Court, or any other inferior federal court, were to grant any of the counts set forth in the Amended Complaint, such ruling would essentially set aside the July 12, 2002 State Court Order which transferred title to the Real Property to Salta. In addition, even if the counts in the Amended Complaint were not construed as an attempt to set aside the State Court Order, the counts and their disposition in Federal Court would be "inextricably intertwined" with the State Court Order. Further, this court notes that under *Rooker-Feldman*, this court is precluded from considering Appellants' argument that the State Court Order was unconstitutional or erroneous. *Ritter v. Ross*, 992 F.2d 750 (7th Cir 1993). Trustee's attempt to set aside the July 12, 2002

7

State Court Order in the Bankruptcy Court undermines the *Rooker-Feldman* Doctrine.

## CONCLUSION

Based on the foregoing analysis, we affirm the decision of the Bankruptcy Judge.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 24, 2004